**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**REGINALD NEREE,**

        **Plaintiff,**

 vs.               **9:09-cv-802**
                    **(MAD/ATB)**

**LUCANN O'HARA, Correctional Counselor,**
**Mohawk Correctional Facility; TED FAUSS, Ed.**
**Supervisor; SHELLEY ENGRESSER, Senior**
**Counselor; GERALD T. STEEL, Facility Steward;**
**JOHN ST. LOUIS; CAROL B. WOUGHTER;**
**NORMAN R. BEZIO, Director, SHU; J.**
**CIANCIOLA; and G. CIOTTI, Housing Lt.,**
**Mohawk Correctional Facility,**

        **Defendants.**
_____

**APPEARANCES:**         **OF COUNSEL:**

**REGINALD NEREE**
**98-A-6812**
Cape Vincent Correctional Facility
Rte. 12E
P.O. Box 739
Plaintiff *pro se*

**OFFICE OF THE NEW YORK**    **ADELE M. TAYLOR-SCOTT, AAG**
**STATE ATTORNEY GENERAL**
The Capitol
Albany, New York 12224
Attorneys for defendants

**Mae A. D'Agostino, U.S. District Judge:**

### ORDER

  Plaintiff *pro se*, an inmate in the custody of the New York State Department of

Correctional Services ("DOCS"),[1] brings this action pursuant to 42 U.S.C. § 1983, alleging that

---

  [1] On April 1, 2011, DOCS and the New York State Division of Parole were merged into
(continued...)

defendants violated his rights under the Fourteenth Amendment of the United States Constitution. In his complaint, plaintiff alleges violations of his Fourteenth Amendment right to due process of law in relation to three separate Tier III prison disciplinary proceedings resulting from his possession and attempted use of Uniform Commercial Code ("UCC") documents in violation of direct orders issued to plaintiff and DOCS' policy. *See* Dkt. No. 1. Specifically, plaintiff alleges that he was deprived of due process in connection with three disciplinary hearings because (1) the amended DOCS directives involving UCC materials, which provided the basis for most of the disciplinary charges, violated his First Amendment rights and were not properly promulgated by DOCS; (2) some of the disciplinary charges against him were based on surveillance of his mail that violated his First Amendment rights; (3) he did not have proper notice of the amended rules relating to UCC materials, on which the disciplinary charges were based; (4) the procedures followed during the disciplinary hearings failed to satisfy applicable due process requirements; and (5) there was insufficient evidentiary support for some of the disciplinary charges on which he was found guilty. *See id.* Moreover, plaintiff seems to also allege that the first two misbehavior reports against him were issued by defendant O'Hara in retaliation for plaintiff's exercise of unspecified, protected First Amendment conduct. *See id.*

On July 20, 2011, Magistrate Judge Baxter issued a Report-Recommendation recommending that the Court grant defendants' motion for summary judgment, deny plaintiff's purported cross motion, and dismiss the complaint. *See* Dkt. No. 94. Specifically, Magistrate Judge Baxter recommended that the Court find that (1) plaintiff failed to exhaust certain claims,

---

[1](...continued)
one agency, now referred to as the New York State Departments of Corrections and Community Supervision. Since the events relevant to this action occurred before the merger, the Court will refer to New York State's corrections agency as "DOCS."

including his retaliation claim; (2) plaintiff exhausted his administrative remedies with respect to his due process claims relating to his disciplinary hearings by appealing the results of each hearing; (3) the amended DOCS rules regarding inmate possession of UCC materials does not violate the First Amendment rights of plaintiff or other inmates, or in the alternative, the corrections officials who applied the amended rules are entitled to qualified immunity; (4) plaintiff may not challenge the outcome of his disciplinary hearings based on objections to the legality of the monitoring and confiscation of his mail; (5) plaintiff had adequate actual notice of the effect of the new rules relating to UCC materials, or, in the alternative, defendants who applied those rules are entitled to qualified immunity; and (6) no reasonable fact finder could conclude that there was inadequate evidentiary support for the disciplinary charges against plaintiff or that the procedures followed in connection with the hearing did not meet the applicable due process standards. *See id.* at 12-49.

Currently before the Court are plaintiff's "objections" to Magistrate Judge Baxter's July 20, 2011 Report-Recommendation. *See* Dkt. No. 95.

When a party files specific objections to a magistrate judge's report-recommendation, the district court makes a "*de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). When a party fails to make specific objections, however, the court reviews the magistrate judge's report for clear error. *See Farid v. Bouey*, 554 F. Supp. 2d 301, 307 (N.D.N.Y. 2008); *see also Gamble v. Barnhart*, No. 02CV1126, 2004 WL 2725126, *1 (S.D.N.Y. Nov. 29, 2004) (citations omitted). After the appropriate review, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

3

In his "objections" to Magistrate Judge Baxter's July 20, 2011 Report-Recommendation, plaintiff fails to provide the Court with any guidance as to why he believes that Magistrate Judge Baxter improperly recommended granting defendants' motion for summary judgment. In a one-page document, plaintiff simply stated that he

> object[s] [to] his findings for my Denial of Summary Judgment in its entirety for he has been denying all of my attempts to succeed in this action from the very beginning.
>
> It appears as though there will be no relief for Prisoners in this District. Therefore, I kindly ask for the return or copy of all documents/papers under 42 USC § 1983, which I have submitted and/or enclosed with the Complaint. I will need these documents for my records. Please forward such in Bulk Weight at your earliest convenience.

*See* Dkt. No. 95.

Having reviewed Magistrate Judge Baxter's July 20, 2011 Report-Recommendation and Order and the applicable law, the Court concludes that Magistrate Judge Baxter correctly determined that the Court should grant defendants' motion for summary judgment and dismiss plaintiff's complaint.[2]

Accordingly, the Court hereby

**ORDERS** that Magistrate Judge Baxter's July 20, 2011 Report-Recommendation-Order is **ADOPTED** in its entirety for the reasons stated therein; and the Court further

---

[2] As noted by Magistrate Judge Baxter, the Court notes that the courts that have dealt with directives similar to the directives at issue in the present matter prohibiting prisoners from possessing UCC materials have all found that these directives withstand constitutional scrutiny. *See, e.g., Monroe v. Beard*, 536 F.3d 198, 207-209 (3d Cir. 2008); *Edmonds v. Sobina*, 296 Fed. Appx. 214, 217-18 (3d Cir. 2008); *Hudson v. Caruso*, No. 1:05-cv-32, 2007 WL 2363308 (W.D. Aug. 16, 2007); *Ray v. Williams*, No. CV-04-863-HU, 2005 WL 697041 (D. Or. Mar. 24, 2005); *Rouse v. Caruso*, No. 06-CV-10961-DT, 2011 WL 918327 (E.D. Mich. Feb. 18, 2011).

**ORDERS** that defendants' motion for summary judgment is **GRANTED**; and the Court further

**ORDERS** that plaintiff's cross motion for summary judgment is **DENIED**; and the Court further

**ORDERS** that any other pending motions are denied as **MOOT**; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Order on all parties in accordance with the Local Rules; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in defendants' favor and close this case.

**IT IS SO ORDERED.**

Dated: August 29, 2011
       Albany, New York

*/s/ Mae A. D'Agostino*
Mae A. D'Agostino
U.S. District Judge